B. KERMIT CALDWELL v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY

No. 8125SC202

(Filed 20 October 1981)

**Insurance § 144— homeowner's insurance—amount of liability for damages to boat**

Defendant insurer's liability under a homeowner's policy for damages to plaintiff insured's boat, motor and trailer caused by a windstorm was limited to $500 where the policy provided coverage $17,000 for unscheduled personal property "subject to all conditions of this Policy" and the "Additional Conditions" section of the policy limited coverage to $500 for loss with respect to watercraft, motors and trailers.

APPEAL by plaintiff from *Friday, Judge.* Judgment entered 8 August 1980 in Superior Court, CATAWBA County. Heard in the Court of Appeals 24 September 1981.

On 25 January 1978 plaintiff's boat, outboard motor, and trailer were damaged in the amount of $5,695 when a windstorm blew down a building in which they were temporarily stored. The property damage was covered by a Homeowner Extension Certificate issued by defendant to plaintiff effective 17 October 1977 to 17 October 1978. The portions of the policy at issue are as follows:

--- DESCRIPTION OF PROPERTY AND INTERESTS COVERED---

\* \* \*

COVERAGE C—UNSCHEDULED PERSONAL PROPERTY

This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.

This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:

1. owned or used by an Insured; or

2. at the option of the Named Insured,

  a. owned by a guest while in a residence occupied by an Insured; or

  b. owned by a residence employee while actually engaged in the service of an Insured and while such property is in the physical custody of such residence employee or in a residence occupied by an Insured;

3. but the limit of this Company's liability for the unscheduled personal property away from the premises shall be an additional amount of insurance equal to 10% of the amount specified for Coverage C, but in no event less than $1,000.

\* \* \*

— ADDITIONAL CONDITIONS —

\* \* \*

2. Special Limits of Liability on Certain Property:

\* \* \*

  b. *Under Coverage C, this Company shall not be liable for loss in any one occurrence with respect to the following property for more than:*

\* \* \*

    (5) *$500 in the aggregate on watercraft, including their trailers (whether licensed or not), furnishings, equipment and outboard motors; . . ..*

(Emphasis added.)

The policy limits defendant's liability in "Coverage C — Unscheduled Personal Property" to $17,000, "subject to all conditions of this Policy."

  Judge Friday concluded that "Paragraph 2(b)(5) under the Section of the insurance policy entitled 'Additional Conditions' is applicable to the loss to the boat, motor and trailer," and that defendant's liability is limited to $500 in the aggregate thereunder. Plaintiff appeals from this judgment.

  *B. Kermit Caldwell, plaintiff-appellant, pro se.*

  *Mitchell, Teele, Blackwell & Mitchell, by Marcus W. H. Mitchell, Jr., for defendant-appellee.*

HILL, Judge.

On appeal, plaintiff contends that defendant's liability is limited by Paragraph 3 under "Coverage C—Unscheduled Personal Property" to $18,700 rather than the $500 limitation in Paragraph 2(b)(5) under "Additional Conditions." Thus, the sole question before this Court is whether the "Additional Conditions" section of the policy should be construed with "Coverage C—Unscheduled Personal Property" to limit defendant's liability to $500.

"Since policies of insurance are prepared by the insurer, they are liberally construed in favor of the insured, and strictly construed against the insurer." *White v. Mote*, 270 N.C. 544, 555, 155 S.E. 2d 75, 83 (1967). However, this rule of construction "does not justify the courts in enlarging the terms of the policy beyond the meaning of the language of the policy." *Henderson v. Hartford Accident & Indemnity Co.*, 268 N.C. 129, 131, 150 S.E. 2d 17, 19 (1966).

Accepting plaintiff's construction of the policy in the case *sub judice* would require us to enlarge its terms beyond their meaning. The terms of the policy dealing with watercraft, motors, and trailers are clear and unambiguous. The policy reads, "*Under Coverage C*, this Company shall not be liable for loss in any one occurrence . . . for more than . . . $500 in the aggregate on watercraft . . .." (Emphasis added.) These terms under "Additional Conditions," though separate from the enumeration of "Property and Interests Covered" under Coverage C, are part of Coverage C and clearly limit defendant's liability for damage to plaintiff's boat, motor, and trailer to $500.

For the reasons stated above, the judgment of the trial judge is

Affirmed.

Judges HEDRICK and WHICHARD concur.